CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 27 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLEN LEE GODFREY, SR., | ) |
| Petitioner, | ) Civil Action No. 7:18cv00182 |
| v. | ) MEMORANDUM OPINION |
| HAROLD W. CLARKE, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Petitioner Allen Lee Godfrey, Sr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions imposed by the Circuit Court of Roanoke City. This matter is before me on respondent's motion to dismiss. After reviewing the record, I will grant respondent's motion and dismiss Godfrey's petition.

### I.

On April 11, 2012, in the Circuit Court of Roanoke City and pursuant to a plea agreement, Godfrey pled guilty to assault and battery of a police officer, attempt to disarm a police officer, and grand larceny of a motor vehicle. On August 13, 2012, Godfrey filed a motion to withdraw his guilty pleas. After a hearing on the motion, the court denied it on November 1, 2012. On December 6, 2012, the court sentenced Godfrey to a total term of thirteen years of incarceration and entered final judgment the same day. With the assistance of counsel, Godfrey filed an appeal, arguing that the trial court erred as a matter of law in denying his motion to withdraw his guilty pleas. The court denied Godfrey's appeal after concluding that his claim had no merit. Godfrey did not further appeal to the Supreme Court of Virginia.

Godfrey filed a petition for writ of habeas corpus to the Circuit Court of Roanoke City,

claiming that he was denied the effective assistance of counsel at trial; he was denied due process; the prosecution tampered with video footage of the incident; Judge Apgar, the attorney for the Commonwealth, and his own lawyers were prejudiced against him; he was not competent to enter his pleas; he was denied counsel during his preliminary hearing because the public defender had requested leave to withdraw but was not permitted to withdraw and, thus, proceeded with a conflict of interest; Judge Apgar knew about the tampering of the video recording; Godfrey was denied effective assistance when counsel did not present all of his issues on appeal and she did not further appeal to the Supreme Court of Virginia even though she "knew of [his] wishes"; his motion to withdraw his plea was made in a timely fashion; his motion to withdraw the plea presented a factual and reasonable defense; his guilty plea was made "inadvisedly" as a result of the coercion of his trial attorney; and his motion to withdraw the plea was based on the law. On February 18, 2015, the court granted the habeas petition in part as to the claim that counsel failed to file an appeal to the Supreme Court of Virginia. The court authorized a belated appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. The court denied and dismissed all of Godfrey's other claims. The court found that Godfrey's ineffective assistance of counsel claims against trial counsel were waived by his guilty plea because he knew of them at the time of his plea; that his other ineffective assistance of counsel claims failed under Strickland v. Washington, 466 U.S. 668 (1984); and that the rest of his claims were defaulted and barred under Slayton v. Parrigan, 205 S.E.2d 680 (1974). Although the court dismissed the petition with prejudice, it noted that Godfrey's claims that related to the voluntariness of his plea and his motion to withdraw his plea were dismissed without prejudice to Godfrey's right to address those issues in his belated appeal to the Supreme Court of Virginia. Godfrey did not appeal the dismissal of the remainder of his habeas petition.

With the assistance of counsel, Godfrey filed the authorized belated appeal in the Supreme Court of Virginia, arguing that the trial court erred by wrongfully denying his motion to withdraw his guilty pleas; the trial court erred by wrongfully denying his motion for a forensic examination of the video evidence; and the trial court erred when he was denied the effective assistance of counsel.[1] On May 2, 2016, the court dismissed Godfrey's claims concerning his motion for a forensic examination and of ineffective assistance of counsel because they had not been raised in the Court of Appeals of Virginia, and refused his claim concerning his motion to withdraw his guilty plea. Godfrey did not file a petition for a writ of certiorari to the Supreme Court of the United States.

On September 21, 2016, Godfrey filed his second habeas petition in the Circuit Court of the City of Roanoke. Godfrey alleged that his arrest was unlawful due to an unspecified Fourth Amendment violation and due to the arresting officer's use of excessive force; his trial and appellate counsel were ineffective for the reasons stated in his first habeas petition; and his trial and appellate counsel were ineffective in failing to raise claims of excessive force and a Fourth Amendment violation. Godfrey also sought to reassert all the claims he raised in his first habeas petition concerning the voluntariness of his plea and his motion to withdraw his plea. On March 1, 2017, the court dismissed Godfrey's second state habeas petition. The court held that his claims concerning an unlawful arrest and trial counsel's failure to raise excessive force and Fourth Amendment claims were barred as successive under Virginia Code § 8.01-654(B)(2), because Godfrey knew the factual basis for those claims at the time he filed his first habeas petition, but failed to raise them. The court also held that Godfrey's claims concerning ineffective assistance of trial and appellate counsel for the reasons stated in his first habeas

---

[1] Apparently counsel mistakenly filed Godfrey's belated appeal petition in the Court of Appeals; however, counsel corrected the error by successfully moving the Court of Appeals to transfer the petition for appeal to the Supreme Court of Virginia.

petition, and his reassertion of the claims concerning the voluntariness of his plea and his motion to withdraw his plea, were all barred by the doctrine of res judicata because the court had previously determined those issues adversely to Godfrey (by finding them waived by his guilty plea, barred under Slayton, or without merit), when it dismissed his first state habeas petition. The court also found that to the extent they were litigated in the Supreme Court of Virginia by the court's refusal of his petition for appeal, the claims concerning the voluntariness of his plea and his motion to withdraw his plea were also barred from habeas review under Henry v. Hudson, 576 S.E.2d 495, 496 (Va. 2003) ("[A] non-jurisdictional issue raised and decided either in the trial court or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding."). Finally, as to the claim that appellate counsel was ineffective in failing to raise excessive force and Fourth Amendment claims, the court held that Godfrey had not met his burden under Strickland. Godfrey appealed the dismissal of his second state habeas petition and the Supreme Court of Virginia refused the appeal on March 28, 2018.

Godfrey filed the instant § 2254 petition on April 19, 2018, raising the following claims: (1) the state circuit court erred in adjudicating his state habeas petitions when it failed to find that his first appellate counsel was ineffective and did not grant him an "entirely new" appeal instead of a belated appeal to the Supreme Court of Virginia; (2) that the state circuit court erred in adjudicating Godfrey's second state habeas petition when it determined that his claims were barred by the doctrine of res judicata, the successive petition bar, Slayton, and/or Henry; and (3) that Godfrey's second appellate counsel provided ineffective assistance when he initially filed the belated appeal in the Court of Appeals instead of the Supreme Court of Virginia, and when he failed to raise certain claims in the belated appeal.

4

## II.

Godfrey's first two claims in his instant federal habeas petition assert that the state court erred in adjudicating Godfrey's state habeas petitions. Errors occurring in state post-conviction proceedings typically cannot serve as a basis for federal habeas corpus relief. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) ("[A] challenge to Virginia's state habeas proceedings, cannot provide a basis for federal habeas relief."); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also; Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Vail v. Procunier, 747 F.2d 277, 278 (5th Cir. 1984) ("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."). This is because federal habeas relief is available "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). "Even where there may be some error in state post-conviction proceedings this would not entitle [petitioner] to federal habeas corpus relief since [petitioner]'s claim here represents an attack on a proceeding collateral to the detention of [petitioner] and not on the detention itself." Williams v. Missouri, 640 F.2d 140, 144 (8th Cir. 1981). Accordingly, I conclude that Godfrey's claims concerning error by the state habeas court are not cognizable in this federal habeas petition and, therefore, will dismiss them.[2]

---

[2] Moreover, even if I were to consider the underlying claims as if they had been raised directly to this court, I conclude that that the state court's adjudication of the ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Further, the claims concerning the voluntariness of his plea and motion to withdraw his plea are barred from federal habeas review because the state court's findings of procedural default were based on adequate and independent state grounds, and Godfrey has not demonstrated cause and prejudice or a miscarriage of justice to excuse the default. See Coleman v. Thompson, 501 U.S. 722, 729-30, 750 (1991).

## III.

Godfrey also alleges that appellate counsel provided ineffective assistance when he filed Godfrey's belated direct appeal petition in the wrong court and when he failed to raise certain claims on appeal.

Godfrey did not present his claim about the misfiled appeal petition to the state court. "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288; see Bassett v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). Such claims are deemed simultaneously exhausted and defaulted. See Burket v. Angelone, 208 F.3d 172, 183 n.11 (4th Cir. 1999). If Godfrey were to raise this claim to the state court now, he would be barred under both Virginia's habeas corpus statute of limitations and Virginia's bar on successive petitions. See Va. Code § 8.01-654(A)(2) and (B)(2). Where a state court's finding of procedural default is based on an adequate and independent state ground, that finding is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998). The Fourth Circuit has recognized both Virginia's successive petition bar, Virginia Code § 8.01-654(B)(2), and Virginia's habeas statute of limitations, Virginia Code

§ 8.01-654(A)(2), as adequate and independent state law grounds. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (holding a claim to be procedurally defaulted because it had been barred in state court by Virginia's rule against successive writs); Gray v. Netherland, 518 U.S. 152, 162 (1996) (holding that a claim barred by Va. Code § 8.01-654(B)(2) was "not cognizable in a federal suit for the writ"); Weeks v. Angelone, 176 F.3d 249, 273-74 (4th Cir. 1999) (recognizing Virginia's time bar as adequate and independent).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. Actual innocence means "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, (1998). In this case, nothing in the record supports a claim of actual innocence and Godfrey offers nothing to excuse his procedural default of this claim. Accordingly, I conclude that this claim is barred from federal habeas review and, therefore, will dismiss it.

## IV.

Godfrey also alleges that appellate counsel was ineffective in failing to make certain arguments in Godfrey's belated direct appeal. Godfrey raised this claim in his second state habeas petition and the court addressed the claim on its merits.[3] When reviewing a habeas claim that has been adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

---

[3] In his second state habeas petition, Godfrey argued that appellate counsel was ineffective in failing to raise Fourth Amendment and excessive force claims on direct appeal. To the extent Godfrey may now be referring to other claims he wanted raised on direct appeal, those claims would be simultaneously exhausted and defaulted because Godfrey could have raised them in his second state habeas petition, did not, and cannot now raise them to the state court. See Va. Code § 8.01-654(A)(2) and (B)(2). Moreover, Godfrey has not demonstrated cause and prejudice or a miscarriage of justice to excuse his default of those claims. Accordingly, any ineffective assistance of appellate counsel claim not raised in his second state habeas petition is barred from federal habeas review.

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland v. Washington test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 686-87 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id. at 689; United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014).

To satisfy Strickland's first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quoting Strickland, 466 U.S. at 690). To satisfy the second prong, a petitioner must demonstrate that, but for counsel's alleged error, there is a "reasonable probability that the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. "An attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).

Counsel does not render ineffective assistance on appeal by failing to present every non-frivolous issue in the petition. Jones v. Barnes, 463 U.S. 745, 754 (1983); Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Rather, it "is the hallmark of effective appellate advocacy" to

9

select the strongest claims and focus on those on appeal. Burger v. Kemp, 483 U.S. 776, 784 (1987) (internal quotation marks and citation omitted). In applying Strickland to claims of ineffective assistance of counsel on appeal, a reviewing court must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "'[O]nly when ignored issues are clearly stronger than those presented'" should a federal habeas court find appellate counsel ineffective. Lawrence, 517 F.3d at 709 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) and citing Smith v. Robbins, 528 U.S. 259, 288 (2000)).

In adjudicating Godfrey's ineffective assistance of counsel claim in his second state habeas petition, the court determined that:

> [Godfrey] has not met his Strickland burden with respect to his allegation . . . that his appellate counsel was ineffective for failing to raise Fourth Amendment and excessive force arguments on appeal to the Supreme Court of Virginia. The determination of the best claims to be raised on appeal is a matter entrusted to counsel's tactical judgment. Jones v. Barnes, 463 U.S. 745 (1983). Counsel is not required to appeal on all grounds sought by the defendant, or even to present every colorable claim. "The process of winnowing out weaker claims on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Burger v. Kemp, 483 U.S. 776, 784 (1987). Once appointed, it is for counsel to decide what questions should be raised. Townes v. Commonwealth, 234 Va. 307, 320-21, 362 S.E.2d 650 (1987).

Godfrey has not demonstrated that the omitted appellate claims were "clearly stronger" than the claims that were raised by counsel. After reviewing the record, I conclude that the state court's adjudication of Godfrey's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Accordingly, I will dismiss this claim.

IV.

For the reasons stated, I will grant respondent's motion and dismiss Godfrey's § 2254 petition.

**ENTERED** this 27th day of September, 2019.

*/s/ Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE